IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No.

ZOUBAIR BENNANI, an individual,

    Petitioner,

    vs.

U.S. CENTER FOR SAFESPORT, a Colorado non-profit corporation,

    Respondent.

---

PETITION TO VACATE ARBITRATION AWARD
[9 U.S.C. § 10]

---

**COMES NOW PETITIONER** ZOUBAIR BENNANI, for his Petition against Respondent U.S. CENTER FOR SAFESPORT, and states as follows:

**NATURE OF THE CASE**

1. This case arises from an Arbitration Award issued by Arbitrator David Thompson, dated August 29, 2023 and first communicated to Petitioner Bennani on August 30, 2023, arising out of a sanction issued by the U.S. Center for SafeSport ("SafeSport").

2. In his award, Arbitrator Thompson ruled that Mr. Bennani "is permanently prohibited from participating in any capacity, in any event, program, activity, or competition authorized by, organized by, or under the auspices of the United States Olympic & Paralympic Committee (USOPC), the National Governing Bodies recognized by the USOPC, a Local Affiliated organization as defined by the Code, or at a facility under the jurisdiction of the same."

3. As this case involves competing narratives, Arbitrator Thompson expressed that "the heart of this matter turns on the credibility of the witnesses." Arbitrator Thompson

determined that Mr. Bennani's testimony was non-credible based in large part on Mr. Bennani's demeanor during cross-examination, while concurrently denying Mr. Bennani the opportunity to cross-examine the claimants who made the allegations against him. By denying Mr. Bennani the opportunity to impeach claimants' credibility through cross-examination, while at the same time resolving the credibility determination against Mr. Bennani based on his demeanor during his cross-examination by the attorney for the U.S. Center for SafeSport, Arbitrator Thompson committed "misbehavior by which the rights of [Mr. Bennani] have been prejudiced" under 9 U.S.C. § 10(a)(3).  For this reason, Petitioner submits that the arbitration award should be set aside.

4. For the reasons stated herein, Petitioner submits that the arbitration award should be vacated pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-14.  Alternatively, Petitioner submits that the Award should be remanded to Judicial Arbitration and Mediation Services ("JAMS") for a for hearing before a different arbitrator.

## THE PARTIES

5. Zoubair Bennani is a 48-year-old former show-jumping horse trainer, who is a resident of Ocala, Florida. Since 1996, Mr. Bennani has been buying and selling horses, and training riders in various equine disciplines. Mr. Bennani is an accomplished rider with many winning rounds from lower level classes through Grand Prix focused on carefully preparing horse to perform at their fullest potential utilizing sound work schedules to ensure and solidify horse health. Mr. Bennani's horse-training business has suffered since the beginning of the SafeSport process, and he has lost and will continue to lose significant contracts as a result of the arbitration award upholding his lifetime suspension.

6. Upon information and belief, Defendant U.S. Center for SafeSport (hereinafter "SafeSport") is a non-profit corporation that is incorporated in Colorado and has its principal place of business in Denver, Colorado. SafeSport exercises jurisdiction over members of Olympic sport across all 50 United States. It is responsible for investigating both sexual misconduct and non-sexual misconduct allegations in Olympic sport in the United States.

## JURISDICTION AND VENUE

7. This action is brought pursuant to Section 10 of the Federal Arbitration Act (hereinafter "FAA"), 9 U.S.C. § 10.

8. Venue is proper in this Court as it has diversity jurisdiction over this proceeding pursuant to 28 U.S.C.A. § 1332(a) because (i) the amount in controversy, exclusive of interest and costs, exceeds $75,000 (Mr. Bennani's loss of earning as a result of the arbitration award are well in excess of this Court's $75,000 jurisdictional limit); and (ii) Petitioner resides in Ocala, Florida, and Defendant is an entity incorporated under the laws of Colorado and has its principal place of business in Denver, Colorado. Venue lies in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this district; and because Art. II of the SafeSport Code provides that "In the event that any party brings any action against the other related to this Code, the parties agree that the venue of such action shall be vested exclusively in the United States District Court for the District of Colorado."

## FACTS

9. On September 27, 2022, October 6, 2022, October 31, 2022, and March 3, 2023, SafeSport sent a "Notice of Allegations & Imposition of Temporary Measures" to Zoubair Bennani related to allegations that, between 2009 and 2023 Mr. Bennani engaged in

verbal, emotional, and sexual abuse toward three adult women, Claimant 1, Claimant 2, and Claimant 3.

10. In addition, SafeSport imposed a Temporary Suspension on Mr. Bennani, which was lifted on October 6, 2022; re-imposed on February 15, 2023; lifted by an arbitrator on March 1, 2023; and then re-imposed by SafeSport on March 3, 2023.

11. On April 27, 2023, SafeSport issued its "Notice of Decision" against Mr. Bennani, which concluded that Mr. Bennani should receive a lifetime ban from the sport.

12. Pursuant to the SafeSport Code, Mr. Bennani timely contested the "Notice of Decision" and requested an arbitration hearing before JAMS contesting both the findings and sanction in this matter. On May 22, 2023, Arbitrator Thompson was appointed to hear Mr. Bennani's request for arbitration.

13. Pursuant to the SafeSport Code par. XIV.28(d), claimants "shall be subject to questioning by only the arbitrator unless the Claimant agrees to direct examination and cross-examination by the party."[1] When claimants elect to trigger this rule, the accused must timely submit questions to the arbitrator for the arbitrator to ask claimants during the proceedings. On July 20, 2023, Mr. Bennani's counsel submitted a Preliminary Statement and Proposed Questions for the arbitrator to ask the claimants. In the preliminary statement, Mr. Bennani's counsel outlined the material advantages conferred on claimants by SafeSport Code par. XIV.28, which shields them from cross-examination by the accused's counsel. Particularly because this case involves competing narratives and credibility determinations of each claimant and witness are so central to the outcome, Mr. Bennani's counsel expressed concern and requested that Arbitrator Thompson ask the submitted questions "in a manner that mirrors

---

[1] SafeSport Code par. XIV.28(d)

4

a typical cross-examination as closely as possible." Despite this request, not only did Arbitrator Thompson fail to conduct the questioning like a cross-examination, but he also failed to ask several submitted questions that were pertinent to several issues concerning claimants' motives, inconsistencies, and general credibility.

14. The JAMS arbitration hearing was conducted on July 27 and 28, 2023. The arbitration was conducted by video conference pursuant to the SafeSport Code. Both in his pre-hearing submissions and at the arbitration hearing, Mr. Bennani submitted that (i) he had not violated the SafeSport Code because the allegations against him were false; and, (ii) as a result, the sanction imposed against him should be set aside. In both its pre-hearing submissions and at the arbitration hearing, SafeSport submitted that (i) Arbitrator Thompson should uphold both violations identified in SafeSport's Notice of Decision; and (ii) Arbitrator Thompson should uphold the sanctions that SafeSport imposed (pursuant to its April 27, 2023 Notice of Decision) for each of the violations enumerated.

15. On August 30, 2023, Arbitrator Thompson [through JAMS] issued his Arbitration Award in this matter. In that Arbitration Award, he:

    a. *Confirmed* all violations against Mr. Bennani; and

    b. *Confirmed* the lifetime ban on Mr. Bennani's participation in sport.

16. In his Award, Arbitrator Thompson summarily found Claimants 1 and 3 credible without acknowledging the extensive arguments to the contrary made by Mr. Bennani or the apparent inconsistencies in the record itself, or allowing Mr. Bennani the opportunity to cross-examine any of the claimants. Arbitrator Thompson also summarily found Claimant 2 to be credible, despite her breaking onto Mr. Bennani's property, stealing his horse, and subsequently giving several false statements to officers attempting to conduct an investigation.

Not only was one single sentence the full extent of Arbitrator Thompson's provided "analysis" in summarily declaring Claimant 2 credible despite her willful and repeated lies to law enforcement in a related criminal investigation, but Arbitrator Thompson also denied Mr. Bennani's counsel the opportunity to cross-examine Claimant 2 on her false statements to police.

17. If Arbitrator Thompson's decision is allowed to stand, it will not only undermine the integrity of the only remedy available to an individual accused and prosecuted under the SafeSport Code, but will also cause irreparable and permanent harm to Mr. Bennani in every aspect of his life. As a result, Mr. Bennani has brought this action within three months after the award was delivered on August 30, 2023 and requests that the Award be vacated under 9 U.S.C. § 10.

## COUNT ONE
### VACATUR OF AUGUST 2023 ARBITRATION AWARD

18. Zoubair Bennani repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 17 of this Petition as fully set forth herein.

19. Based on the foregoing, the Arbitrator Thompson's Award should be vacated and set aside on the grounds that Arbitrator Thompson engaged in misconduct that prejudiced Mr. Bennani by denying him the right to a fair hearing in violation of 9 U.S.C § 10(a)(3), and the award should be set aside. Alternatively, the Award should be remanded to JAMS with a under a different arbitrator.

20. Petitioner Zoubair Benanni has no adequate remedy at law, as only a judgment vacating or remanding Arbitrator Thompson's Award will provide him with the relief required under these circumstances.

**WHEREFORE,** Petitioner prays the judgment, order, and decree of this Court be as follows:

1. That this Court vacate Arbitrator Thompson's August 29, 2023 arbitration award (communicated to Petitioner Bennani on August 30, 2023) in its entirety; or in the alternative, remand the Award for reconsideration with a full and fair hearing on the merits, and award such other relief as may be just and proper.

2. That Petitioner be awarded the costs of suit incurred herein; and

3. That Petitioner be awarded such other costs and relief as the court deems just and equitable.


DATED:   November 29, 2023        LAW OFFICES OF HOWARD L. JACOBS


                                  /s/ Howard L. Jacobs
                                  Howard L. Jacobs
                                  Attorney for Petitioner ZOUBAIR BENNANI

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, November 29, 2023, a copy of the foregoing document entitled ***PETITION TO VACATE ARBITRATION AWARD*** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

In addition, service was made by email upon the following:

Joseph J. Zonies
1700 Lincoln Street, Suite 2400
Denver, CO 80203
jzonies@zonieslaw.com
Counsel for Defendant U.S. Center for SafeSport

s/ Howard L. Jacobs
Law Offices of Howard L. Jacobs
31111 Agoura Rd., Suite 225
Westlake Village, California 91361
Telephone: (805) 418-9892
Facsimile: (805) 418-9899
Email: howard.jacobs@athleteslawyer.com